IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT L. BOOKER, § | | |
| Petitioner, § | | |
| § | | |
| V. § | | Civil Action No. 4:19-CV-359-O |
| § | | |
| ERIC D. WILSON, Warden, § | | |
| FMC-Fort Worth, § | | |
| Respondent. § | | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Robert L. Booker, a federal prisoner confined at FMC-Fort Worth, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as premature. No service has issued upon Respondent.

## I. BACKGROUND

Petitioner is serving a 100-month term of imprisonment for his 2014 conviction in the United States District Court for the Western District of Louisiana, Case No. 5:13-CR-179-01, for conspiracy to distribute crack cocaine. Pet. 1-2, ECF No. 5; J. & Order, United States v. Booker, Criminal Docket for Case #: 5:13-cr-00179-SMH-MLH-1, ECF Nos. 52 & 58. The Bureau of Prisons (BOP) has calculated his projected release date as October 17, 2020, via good conduct time. *See* U.S. DEP'T OF JUSTICE, FED. BUR. OF PRISONS/INMATE LOCATOR, http://www.bop.gov. (last visited May 17, 2019). In this petition, Petitioner claims that the BOP's delayed implementation of the new provisions of the First Step Act of 2018 regarding the award of good conduct time violates the rules of statutory construction and due process of law. Pet. 7, ECF No. 5. He requests that the BOP be

compelled to immediately recalculate his statutory good conduct time and, if entitled, release him. *Id.* at 8.

## II. DISCUSSION

A district court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULES GOVERNING SECTION 2254 CASES 1(b), 4. From the face of the petition, it is clear that Petitioner is not entitled to relief.

Section 102(b)(1) of the First Step Act of 2018, Public Law No. 115–391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the prisoner's sentence imposed by the convicting court, rather than for each year of the sentence served, effectively abrogating *Barber v. Thomas,* 560 U.S. 474, 476 (2010) (upholding the BOP's method of awarding good time credit at the end of each year the prisoner served). *See* Public Law 115-391, 132 Stat. 5194, § 102(b)(1); *Christopher v. Wilson,* No. 4:19-CV-214-O, 2019 WL 1745968, at *1 (N.D. Tex. Apr. 18, 2019); *Johnson v. Bur. of Prisons,* No. 4:19-CV-224-O, 2019 WL 1569360, at *1 (N.D. Tex. Apr. 11, 2019). However, the relevant provisions of the new law have not yet taken effect and will not take effect until the attorney general completes the "risk and needs assessment system" under §§ 101(a) and 102(b)(2) of the Act. *See Christopher,* 2019 WL 1745968, at *1; *Johnson,* 2019 WL 1569360, at *1. The Act gives the attorney general up to 210 days from the December 21, 2018, enactment date to complete the task. Therefore, § 102(b)(1) will not take effect until approximately mid-July 2019. *See Christopher,* 2019 WL 1745968, at *1; *Johnson,* 2019 WL 1569360, at *1.

Because the BOP does not have the authority to recalculate Petitioner's good conduct time until the relevant provisions of the Act take effect, the question of whether he is entitled to

recalculation of his good-conduct time credit is premature, and this Court is powerless to alter that fact. *See Christopher,* 2019 WL 1745968, at *2; *Johnson,* 2019 WL 1569360, at *2. *Accord Greene v. Underwood,* No. 4:19-CV-160-Y, 2019 WL 1531673, at *2 (N.D. Tex. Apr. 9, 2019), *appeal docketed,* No. 19-10474 (5th Cir. Apr. 25, 2019); Order, Brown v. Upton, No. 4:19-CV-165-A (N.D. Tex. March 6, 2019) (McBryde, J.), ECF No. 8; *Molina v. Underwood,* No. 3:19-CV-641-K-BN, 2019 WL 1533444, at *2 (N.D. Tex. Mar. 19, 2019); *Horton v. Warden, Fed. Med. Ctr.,* No. 9:19-CV-42, 2019 WL 2094442, at *2 (E.D. Tex. Apr. 5, 2019).

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice as premature. Petitioner's "Amended Emergency Motion for Time Served Pursuant to the Provisions of the First Step Act of 2018 under 28 U.S.C. § 2241" is DENIED. Mot., ECF No. 6.

**SO ORDERED** on this 20th day of May, 2019.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**