IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT L. BOOKER, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:19-CV-359-O |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Robert L. Booker, a federal prisoner confined at FMC-Fort Worth, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. Having considered the pleadings and relief sought, the Court has concluded that the petition should be dismissed, in part, as moot and dismissed, in part, for failure to exhaust administrative remedies.

**I. BACKGROUND**

Petitioner is serving a 100-month term of imprisonment for his 2014 conviction in the United States District Court for the Western District of Louisiana, Case No. 5:13-CR-179-01, for conspiracy to distribute crack cocaine. Resp't's App. 11, ECF No. 19. Prior to the Bureau of Prisons's (BOP) recalculation of his time credit under the First Step Act of 2018 (FSA), his projected release date was October 17, 2020, via good conduct time. Pet'r's Reply Ex. 1, ECF No. 20. In this petition, Petitioner claims that the BOP's "[d]elayed implementation of the [FSA]'s good time credit fix violated the rules of statutory construction and due process of law." Pet. 7, ECF No. 5. He requests that the BOP be compelled to immediately recalculate his statutory good conduct time and, if entitled, release him. *Id.* at 8.

## II. DISCUSSION

This petition was filed in the convicting court in April 2019 and subsequently transferred to this division where Petitioner is confined. At the time of filing, the BOP had not yet recalculated Petitioner's time credit under the FSA, however the BOP's recalculation was accomplished on September 10, 2019. Resp't's App. 3-4, ECF No. 19. Therefore, to the extent Petitioner requests the Court compel the BOP to immediately perform a recalculation, the petition has been rendered moot.

To the extent Petitioner now disagrees with the BOP's recalculation, the claim is unexhausted. Pet'r's Reply 3, ECF No. 20. Federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19. Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" when administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller,* 11 F.3d at 62.

Petitioner asserts that any attempt to exhaust his administrative remedies would be futile "because [the BOP] had already decided the issues when they did not meet the Congressional

mandates of the [FSA]" and because he has "in fact requested multiple times to the staff at the BOP, to recalculate his statutory good time, and to abide by the Congressional mandates of the [FSA]." Pet'r's Reply 3-4, ECF No. 20. However, Respondent provides proof that Petitioner has not presented his claim through the proper channels and he fails to allege or demonstrate that any attempt to do so would be futile. Resp't's App. 4, ECF No. 19.

## III. CONCLUSION

For the reasons discussed, Petitioner's petition is **DISMISSED,** in part, with prejudice as moot and **DISMISSED,** in part, without prejudice for failure to exhaust his administrative remedies.

**SO ORDERED** on this 16th day of January, 2020.

Reed O'Connor
UNITED STATES DISTRICT JUDGE